**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JESUS MARQUEZ,<br><br>         Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK, RICARDO MONTILLA, KIRK BISHOP, MATTHEW FERGUSON, JUAN COLLADO, Individually, and JOHN DOE 1 through 3, Individually, (the names John Doe being fictitious, as the true names are presently unknown),<br><br>         Defendants. | **COMPLAINT**<br><br>20-CV-755<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JESUS MARQUEZ, by his attorney, Trainor Law, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which are secured by these statutes and the Constitutions of the United States and the State of New York. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6.      Plaintiff JESUS MARQUEZ is a thirty-one (31) year old United States Citizen of Hispanic origin who resides in Bronx County, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants RICARDO MONTILLA, Sergeant, Shield No. 5419, KIRK BISHOP, Shield No. 05767, MATTHEW FERGUSON, Shield No. 7017, JUAN COLLADO, Shield No. 06088, and JOHN DOE 1 through 3, Shield Nos. unknown, were duly sworn police officers of the NYPD, and were acting under the supervision of the NYPD, and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the

2

CITY OF NEW YORK.

11.     Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

12.     On October 21, 2018, at or about 12:04 a.m., Plaintiff JESUS MARQUEZ ("Mr. Marquez") was lawfully present in the vicinity of 15 Saint James Place, New York, New York, when Defendants Ricardo Montilla, Kirk Bishop, Matthew Ferguson, Juan Collado, and John Doe 1 through 3, without any lawful justification whatsoever, unlawfully arrested him, applied excessive force to him, and imprisoned him.

13.     Before, during, and after the defendants arrested him, Mr. Marquez committed no crime or offense.  Likewise, at all times relevant to these events, Mr. Marquez was not behaving in a manner that would suggest to any reasonable police officer that he had done anything unlawful.

14.     Prior to the defendants falsely arresting him, Mr. Marquez was with his cousins filming a music video, in the basketball courts of the Alfred E. Smith Houses, in memory of their grandfather who had recently died of cancer – Mr. Marquez's grandfather acted as a surrogate father to him and his cousins while they grew up in Manhattan's Lower East Side.

15.     Upon concluding the video memorial, the defendants appeared and instructed Mr. Marquez and his cousins to disperse.  Despite the fact that Mr. Marquez's cousins, Brian Feliciano and Joel Feliciano, lived at 15 Saint James Place of the Alfred E. Smith Houses, they all immediately complied with the defendants' order and left the basketball court and walked to Brian and Joel Feliciano's apartment.

16.     The defendants then followed Mr. Marquez and his cousins as they walked to the

3

Felicianos's apartment.

17.    When Mr. Marquez and his cousins got to the front of 15 Saint James Place, the defendants demanded Brian Feliciano ("Mr. Feliciano") show identification to prove that he lived there.   While attempting to do so, however, Defendant Montilla began arresting Mr. Feliciano while telling him, in substance, "I told you to disperse."

18.    Mr. Feliciano attempted to explain to the officers that he lived at 15 Saint James Place and had identification to prove it.

19.    At this point, Mr. Marquez, who remained approximately three to five feet away from Mr. Feliciano and Defendant Montilla, tried to explain to Defendant Montilla that, in fact, Mr. Feliciano lived in the building.

20.    In response, Defendant Montilla and Defendant Bishop grabbed Mr. Marquez by his arms and forcibly pulled him down to the concrete floor and rear handcuffed him and placed overly tight handcuffs on his wrist.

21.    Mr. Marquez committed no crime or offense.

22.    Mr. Marquez did not threaten any of the defendants.

23.    Mr. Marquez did not obstruct governmental administration.

24.    Mr. Marquez did not resist arrest.

25.    And Mr. Marquez did not act disorderly or harass anyone.

26.    Nevertheless, pursuant to this false arrest, upon information and belief, Defendant Montilla forcefully lifted Mr. Marquez's handcuffed arms behind his back, which caused extreme pain in Mr. Marquez's right shoulder.

27.    Mr. Marquez told the defendants they were hurting him, yet Defendant Montilla continued to keep Mr. Marquez's arm raised, causing substantial pain. Mr. Marquez also told the

defendants that his handcuffs were on too tight, but they did not loosen them.

28.     Despite lacking probable cause, reasonable suspicion, and having no legal justification whatsoever, the defendants placed Mr. Marquez in an NYPD vehicle and transported him to an NYPD precinct stationhouse, where he remained falsely imprisoned.

29.     The defendants actively participated in falsely arresting Mr. Marquez and failed to intervene to prevent each other from unlawfully arresting Mr. Marquez.

30.     The defendants then transported Mr. Marquez from an NYPD precinct to the Manhattan Detention Complex for further imprisonment and eventual arraignment on the baseless charges filed under docket number 2018NY041459.  These charges were filed based upon the false allegations of Defendant Ferguson.

31.     Defendant Ferguson knowingly manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Mr. Marquez at trial.

32.     Defendants Ferguson falsely claimed that he arrested Mr. Marquez in a public park and falsely claimed that Mr. Marquez threatened him and refused a lawful order.

33.     In the late hours of October 21, 2018, Mr. Marquez was arraigned on false charges of violating New York Penal Law § 195.05, Obstructing Governmental Administration in the Second Degree; New York Penal Law § 205.30, Resisting Arrest; New York Penal Law § 240.20(1); Disorderly Conduct; and New York Penal Law § 240.26(1), Harassment in the Second Degree, filed under docket number 2018NY041459.

34.     Upon arraignment, the presiding Criminal Court judge released Mr. Marquez on his own recognizance.

35.     On October 22, 2018, Mr. Marquez sought medical treatment at the Emergency

Room at Lincoln Medical Center for the injuries he sustained as a result of the defendants applying excessive force to him and overly tight handcuffs to his wrists.  He was diagnosed with acute traumatic pain to his wrist and right shoulder and prescribed anti-inflammatory drugs for his pain.

36.     The defendants arrested and initiated criminal proceedings against Mr. Marquez despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

37.     The defendants initiated this prosecution for the purpose of covering up their unlawful arrest and application of excessive force against Mr. Marquez.

38.     This false arrest and denial of Mr. Marquez's fair trial rights compelled Mr. Marquez to return to the New York County Criminal Court to face these false charges on at least two (2) occasions when, on January 22, 2019, upon the application of the New York County District Attorney's Office, the presiding Criminal Court judge adjourned the case in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55, with an order that the case be sealed early.

39.     All of the events leading up to and culminating in Mr. Marquez being subjected to false arrest, excessive force, and denial of fair trial rights occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

40.     All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

6

41.     The underlying false arrest, application of excessive force, and denial of the right to fair trial is not an isolated incident.  Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest innocent individuals on sham charges of obstruction governmental administration, resisting arrest, and disorderly conduct and engage in falsification to that end.

42.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights.  Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the defendants to violate Plaintiff's civil rights.

43.     Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, supervise, and discipline them.

44.     As a result of the foregoing, Plaintiff JESUS MARQUEZ has sustained, among other damages, physical injuries, substantial pain, mental injuries, emotional distress, embarrassment, and deprivation of his constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The defendants arrested Plaintiff JESUS MARQUEZ without probable cause or legal privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

47.     The defendants caused Plaintiff JESUS MARQUEZ to be falsely arrested and unlawfully imprisoned, resulting in Plaintiff being put in fear for his safety, humiliated, embarrassed, and deprived of his liberty.

48.     As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The defendants employed force against Plaintiff JESUS MARQUEZ that was excessive, objectively unreasonable, and in a clear violation of Plaintiff's constitutional rights.

51.     At no time did Plaintiff JESUS MARQUEZ pose a threat to the safety of the defendants or anyone else, nor resist or attempt to evade arrest.

52.     As a result of the defendants' conduct, Plaintiff JESUS MARQUEZ was subjected to excessive force and sustained physical injuries, including, but not limited to, overly tight handcuffs; shoulder pain, neck pain; substantial pain; persistent discomfort; physical and psychological distress; and further physical and psychological injuries yet to be revealed.

53.     As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)
*(As Against Defendant Matthew Ferguson)*

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendant Ferguson falsified the information against Plaintiff JESUS MARQUEZ likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

56.     Defendant Ferguson caused Plaintiff JESUS MARQUEZ to be prosecuted without any probable cause and upon the false information that he submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on January 22, 2019.

57.     As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
<u>(Failure to Intervene under 42 U.S.C. § 1983)</u>

58.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.   The defendants had an affirmative duty to intervene on behalf of Plaintiff JESUS MARQUEZ, whose constitutional rights were being violated in their presence by other officers, including the individual defendants.

60.   The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

61.   As a result of the defendants' conduct, Plaintiff JESUS MARQUEZ was subjected to false arrest; excessive force; denial of his right to a fair trial; his liberty was restricted for an extended period of time; he was put in fear for his safety; and he was subjected to handcuffing; physical restraints; and ultimately an extended period of imprisonment.

62.   As a result, Plaintiffs JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

63.   All of the foregoing acts of the defendants deprived Plaintiff JESUS MARQUEZ of federally protected rights, including, but not limited to, the right:

        A.      To be free from false arrest/unlawful imprisonment;

        B.      To be freedom from excessive force;

        C.      To be free from denial of the right to a fair trial; and

D.      To be free from the failure to intervene.

64.      As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## STATE CLAIMS

65.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.      Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

67.      The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or reasonable payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

68.      This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69.      Plaintiff has complied with all conditions precedent to maintaining this action.

70.      This action falls within one or more of the exceptions outlined in CPLR § 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     As a result of the defendants' conduct, Plaintiff JESUS MARQUEZ was placed in apprehension of imminent harmful and offensive bodily contact.

73.     As a result of the defendants' conduct, Plaintiff JESUS MARQUEZ has suffered pain and mental anguish, together with fear, apprehension, embarrassment, and humiliation.

74.     As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     The defendants made offensive contact with Plaintiff JESUS MARQUEZ by forcibly touching him, pulling him to the concrete ground, handcuffing him, pulling his arm, and physically detaining him without legal privilege or consent.

77.     As a result of the defendants' conduct, Plaintiff JESUS MARQUEZ has suffered substantial pain and physical injury, including, including, but not limited to, overly tight handcuffs; shoulder pain, neck pain; substantial pain; persistent discomfort; physical and psychological distress; and further physical and psychological injuries yet to be revealed.

12

78.     As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     The defendants arrested Plaintiff JESUS MARQUEZ without probable cause or legal privilege.

81.     The defendants detained Plaintiff against his will for an extended period of time and subjected him to physical restraints.

82.     As a result of the defendants' conduct, Plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

83.     As a result of the defendants' conduct, Plaintiff JESUS MARQUEZ has suffered physical and mental injuries, along with fear, apprehension, embarrassment, humiliation, and loss of freedom.

84.     As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

87.     As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and were acting within the scope of their employment when they engaged in the wrongful conduct described herein.

88.     As a result of the defendants' conduct, Plaintiff JESUS MARQUEZ has suffered substantial pain and physical injury, and mental anguish, together with fear, apprehension, embarrassment, and humiliation, and an extended period of unlawful imprisonment and deprivation of his liberty.

89.     As a result, Plaintiff JESUS MARQUEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JESUS MARQUEZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

14

by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
January 28, 2020

Respectfully submitted,

**TRAINOR LAW, P.C.**
45 Broadway, Suite 1420
New York, New York 10006
Tel:  (212) 484-2296
Fax: (212) 484-2297

By:     *Craig Trainor*
CRAIG TRAINOR (CT 1823)

Attorney for Plaintiff JESUS MARQUEZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JESUS MARQUEZ,

                     Plaintiff,

      -against-

CITY OF NEW YORK, RICARDO MONTILLA, KIRK BISHOP, MATTHEW FERGUSON, JUAN COLLADO, Individually, and JOHN DOE 1 through 3, Individually, (the names John Doe being fictitious, as the true names are presently unknown),

                     Defendants.

**20-CV-755**

---

# COMPLAINT

**TRAINOR LAW, P.C.**
Attorneys for Plaintiff
45 Broadway, Suite 1420
New York, New York 10006